His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the 'Court, as follows:
Plaintiff was the lessee of certain premises wherein he conducted a barroom, and lodging and eating house for colored people. In the latter part of September, 1910, when his lease had only four more months to run, he undertook or agreed to. sell the entire business as a going concern to defendant for $300.00, including the furniture, saloon license, stock in trade, etc., as well as the unexpired term of the lease. Defendant paid $100.00 down and went into possession of the barroom, but two days thereafter, when plaintiff tendered to him an assignment of the lease .according to their agreement, defendant declined to go on with the transaction or to pay the balance of the price, and at once abandoned the premises, claiming that plaintiff had willfully misrepresented to him the nature of the business and the duration of the unexpired ■term of the lease:
Thereupon, on October 10,1910, plaintiff filed this suit for the balance of the purchase price, and for an additional $200.00 representing his liability to the landlord f.or the rent for the remaining term of the lease; and, on *158 the other hand, defendant asked for the annulment of the contract and the dismissal of the suit because of the alleged fraudulent misrepresentations aforesaid, and likewise demands judgment in reconvention for $200, that is, double the amount paid by him to plaintiff, on the ground that this payment constituted merely earnest money to bind the agreement.
The case pended for more than four years and finally in May, 1915, there was judgment dismissing plaintiff’s demand as well as defendant’s reconventional demand, both as of non-suit; and plaintiff alone has appealed.
If plaintiff’s testimony be true, though it is scarcely plausible, the barroom was locked and closed after the parties disagreed and thereafter he never again entered it or disturbed its contents. In fact though he paid the monthly rent and continued, together with his lodgers, to occupy .and enjoy the rest of the building until the expiration of the lease, he disclaims all knowledge of what eventually became of the barroom or of the stock of goods and furnishings pertaining thereto ánd to the balance of the establishment. Nor does he make any effort to account for the revenues that the premises may have yielded.
Consequently, even should it be granted that the transaction was free from misrepresentation and constituted an agreement of sale not accompanied by earnest money and therefore specifically enforceable, it by no means follows, upon the facts heretofore stated, that plaintiff has established a right of recovery. For having retained, certainly in part at least, the control, the custody and enjoyment of the premises and its contents, he cannot re.cover the balance of the price nor the expenditures incident to his possession, without producing or accounting *159 for the property forming the súhject-matter of the sale as well as the rents, profits or revenues that the latter may (have yielded during his tenure.
Opinion and decree, January 31st, 1916.
Rehearing refused, February 28th, 1916.
Smith vs. Wilson, 10 An., 255.
We find no cause for disturbing the judgment and it is accordingly affirmed.
Affirmed.